IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Harry Gum,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan*, et al.<br><br>    Respondents. | No. CIV 08-8116-PCT-MHM (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

    Edward Harry Gum has filed a timely Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in Yavapai County Superior Court for two counts of sexual assault, with prior convictions for kidnapping and aggravated assault, and the imposition of two consecutive 28–year prison terms. In his petition, he raises two grounds for habeas relief: (1) that his conviction was obtained after the statute of limitations had lapsed in violation of his due process rights; and (2) he received the ineffective assistance of counsel with regard to the statute of limitations issue and his decision to plead guilty. Respondents argue that both grounds are procedurally defaulted and without merit. The Court agrees they are without merit and recommends that the Petition be denied and dismissed with prejudice.

---

    *Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Charles L. Ryan, the Interim Director of the Arizona Department of Corrections, replaces Dora Schriro.

The facts surrounding the offenses and Gum's eventual indictment are summarized in the state court of appeals memorandum decision:

> On September 14, 1991, two young women were sexually assaulted at gunpoint. The ordeal lasted almost an hour, during which time the victims were forced to perform various sexual acts with the assailant and with each other. The victims reported these crimes to police immediately. Despite their best efforts, police were not able to identify the assailant, and the crimes remained unsolved until 2004.
>
> In March 2002, Gum was serving a prison sentence for an unrelated crime when the Arizona Department of Corrections drew a sample of his blood. The sample was sent to the Department of Public Safety Crime Lab for a DNA profile. After the profile was completed, law enforcement personnel discovered that it matched the DNA profile created from semen samples collected from the two 1991 sexual assault victims. This profile had been entered into the national database known as the Combined DNA Index System, commonly referred to as "CODIS."
>
> Within months of this discovery, Gum was indicted. Ultimately, the parties resolved the case by plea agreement. Gum pled guilty to two counts of sexual assault with two prior felony convictions, class 2 non-dangerous but repetitive offenses. The trial court accepted the plea and later sentenced Gum to consecutive terms of twenty-eight years' imprisonment on each count.

(Doc. #12, Exh J at 2-3).

In his first ground, Gum argues that his prosecution resulted in a violation of his Fifth Amendment due process rights because it was barred by the statute of limitations. Apart from the fact that his due process rights as a state prisoner originate from the Fourteenth Amendment, *see Castillo v. McFadden*, 399 F.3d 993, 1006 n. 5 (9th Cir. 2005), by entering a guilty plea he has waived *any* claim of constitutional deprivations that may have occurred prior to entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Following the entry of a guilty plea, the scope of inquiry in a federal habeas proceeding is limited to an analysis of the voluntary and intelligent character of the plea itself. *See United States v. Broce*, 488 U.S. 563, 569 (1989). The state court record reflects that the trial judge conducted a thorough dialogue with Gum concerning the voluntariness of his plea and his understanding of the nature of the rights he was waiving as a result of the plea. Most importantly, any allegation that a prosecution was barred by the statute of limitations is an

1  issue of state law, and a federal habeas court has no authority to re-examine a state court's
2  determination of state law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

3  In his second ground, Gum asserts that trial counsel was ineffective in handling the
4  issue of the statute of limitations. Gum may properly attack the voluntary and intelligent
5  nature of his guilty plea by establishing that the advice he received from counsel was not
6  within the range of competence required of attorneys in criminal cases. Using the two-
7  pronged *Strickland* standard, Gum must show that counsel's performance was deficient and
8  there is a reasonable probability that but for counsel's errors, Gum would not have pleaded
9  guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59
10 (1985). Counsel correctly advised Gum that he had no statute of limitations defense.
11 Therefore, counsel could not be found deficient for declining to file a futile motion. *See*
12 *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). In any event, Gum could not show
13 prejudice because had counsel filed such a motion, it would have been denied because the
14 court of appeals determined that gum had no statute of limitations defense.[1] There is no
15 reasonable probability that he would not have pleaded guilty. He admitted as much in the
16 change of plea colloquy when he told the judge that he was pleading guilty because he felt
17 sorry for the what he had done to the victims, and did not want to make them testify in public
18 about the events (Doc. #12, Exh E at 17).

19 **IT IS THEREFORE RECOMMENDED** that Edward Harry Gum's Petition for
20 Writ of Habeas Corpus be **denied and dismissed with prejudice** (Doc. #1).

21 This recommendation is not an order that is immediately appealable to the Ninth
22 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
23 Appellate Procedure, should not be filed until entry of the district court's judgment. The

---

[1] The court of appeals concluded that because the seven-year statute of limitations in effect at the time Gum committed the offenses had not yet expired when the legislature extended the statute of limitations, Gum's prosecution was not time-barred. *See* Doc. #12, Exh J at 18-19.

parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 17th day of September, 2009.

_____
David K. Duncan
United States Magistrate Judge